**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

**TYLER DIVISION**

| | | |
|---|---|---|
| **DIGITAL REG OF TEXAS, LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 6:11-CV-305** |
| | § | |
| **ADOBE SYSTEMS INCORPORATED,** | § | |
| **VALVE CORPORATION,** | § | |
| **ELECTRONIC ARTS, INC.,** | § | **JURY TRIAL DEMANDED** |
| **UBISOFT ENTERTAINMENT, INC.,** | § | |
| **SYMANTEC CORPORATION,** | § | |
| **INTUIT INC., AVG TECHNOLOGIES USA,** | § | |
| **INC.,  ZYNGA GAME NETWORK INC., and** | § | |
| **ZYNGA, INC.** | § | |
| | § | |
| *Defendants.* | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Digital Reg of Texas, LLC, ("Plaintiff" or "Digital"), by and through its attorneys, for its Complaint against Adobe Systems Incorporated ("Adobe"), Valve Corporation ("Valve"), Electronic Arts, Inc. ("EA"), UbiSoft Entertainment, Inc. ("UbiSoft"), Symantec Corporation ("Symantec"), Intuit Inc. ("Intuit"), AVG Technologies USA, Inc. ("AVG"), Zynga Game Network Inc. and Zynga, Inc. (Zynga Game Network Inc. and Zynga, Inc., collectively, are hereinafter referred to as "Zynga") (collectively, "Defendants"), and demanding trial by jury, hereby alleges as follows:

### I.  NATURE OF THE ACTION

1.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin and obtain damages resulting from Defendants' unauthorized use, sale, and offer to sell in the United States of products, methods,

processes, services and/or systems that infringe one or more claims of United States Patent No. 6,389,541, issued on May 14, 2002, for "Regulating Access to Digital Content" naming Patrick E. Patterson as inventor (the "'541 Patent"), a true and correct copy of which is attached hereto as **Exhibit 1**; United States Patent No. 6,751,670, issued on June 15, 2004, for "Tracking Electronic Component" naming Patrick E. Patterson as inventor (the "'670 Patent"), a true and correct copy of which is attached hereto as **Exhibit 2**; United States Patent No. 7,127,515, issued on October 24, 2006, for "Delivering Electronic Content" naming Patrick E. Patterson as inventor (the "'515 Patent"), a true and correct copy of which is attached hereto as **Exhibit 3;** United States Patent No. 7,272,655, issued September 18, 2007, for "Delivering Electronic Content" naming Patrick E. Patterson as inventor (the "'655 Patent"), a true and correct copy of which is attached hereto as **Exhibit 4**; United States Patent No. 7,421,741, issued September 2, 2008, for "Securing Digital Content System and Method" naming Eugene B. Phillips and Seth Ornstein as inventors (the "'741 Patent"), a true and correct copy of which is attached hereto as **Exhibit 5**; United States Patent No. 7,562,150, issued July 14, 2009, for "Delivering Electronic Content" naming Patrick E. Patterson as inventor (the "'150 Patent"), a true and correct copy of which is attached hereto as **Exhibit 6**; and United States Patent No. 7,673,059, issued March 2, 2010, for "Tracking Electronic Content" naming Patrick E. Patterson as inventor (the "'059 Patent"), a true and correct copy of which is attached hereto as **Exhibit 7**.  Collectively, the '541 Patent, the '670 Patent, the '515 Patent, the '655 Patent, the '741 Patent, the '150 Patent and the '059 Patent are referenced herein as the "Patents-in-Suit."

## II.  PARTIES

2.      Digital is a limited liability corporation organized and existing under the laws of the State of Texas and headquartered at 104 East Houston Street, Suite 165, Marshall, Texas 75670.

3.      On information and belief, Adobe is a corporation organized and existing under the laws of Delaware, with a principal place of business in San Jose, California.  Adobe may be served with process by serving Karen Cottle, 345 Park Ave, Mailstop A15-TAX, San Jose, California  95110.

4.      On information and belief, Valve is a corporation organized and existing under the laws of Washington, with a principal place of business in Bellvue, Washington.  Valve may be served with process by serving Corpserve Inc., 1001 4th Ave, Suite 4500, Seattle, Washington 98154.

5.      On information and belief, EA is a corporation organized and existing under the laws of Delaware, with a principal place of business in Redwood City, California.  EA may be served with process by serving National Corporate Research, Ltd., 800 Brazos, Suite 400, Austin, Texas  78701.

6.      On information and belief, UbiSoft is a corporation organized and existing under the laws of California, with a principal place of business in San Francisco, California.  UbiSoft may be served with process by serving Stephen Smith, 1900 Avenue of the Stars, 21st Floor, Los Angeles, California  90067.

7.    On information and belief, Symantec is a corporation organized and existing under the laws of Delaware, with a principal place of business in Cupertino, California. Symantec may be served with process by serving CSC-Lawyers Incorporating Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California  95833.

8.    On information and belief, Intuit is a corporation organized and existing under the laws of Delaware, with a principal place of business in Mountain View, California.  Intuit may be served with process by serving CSC-Lawyers Incorporating Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California  95833.

9.    On information and belief, AVG is a corporation organized and existing under the laws of Delaware, with a principal place of business in Chelmsford, Massachusetts.  AVG may be served with process by serving Corporation Service Company, 84 State Street, Boston, Massachusetts  02109.

10.    On information and belief, Zynga Game Network Inc. is a corporation organized and existing under the laws of Delaware, with a principal place of business in San Francisco, California.  Zynga Game Network Inc. may be served with process by serving  Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

11.    On information and belief, Zynga Inc. is a corporation organized and existing under the laws of Delaware, with a principal place of business in San Francisco, California. Zynga Inc. may be served with process by serving Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218

### III.   JURISDICTION AND VENUE

12.     This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§271, 281, 283, 284 and 285.

13.     This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a).

14.     On information and belief, venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because each Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

15.     On information and belief, Defendant Adobe is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

16.     On information and belief, Defendant Valve is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

17.    On information and belief, Defendant EA is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

18.    On information and belief, Defendant UbiSoft is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

19.    On information and belief, Defendant Symantec is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

20.    On information and belief, Defendant Intuit is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses

of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

21.     On information and belief, Defendant AVG is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

22.     On information and belief, Defendant Zynga is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## IV.  FACTUAL ALLEGATIONS

23.     Digital is a subsidiary of DRM Technologies, L.L.C. ("DRM").  Digital and DRM have been leading pioneers and innovators in the areas of securing digital content, secure delivery of digital content, and tracking and authorizing use of digital content.

24.     As far back as 1997, the founders of Digital envisioned a world where digital content would move freely about the internet while still protecting the rights of the creators. Digital's affiliates and predecessors were pioneers in this area, and are awarded many patents, including the Patents-in-Suit.

25.    Digital's affiliates and predecessors were among the first to package and sell digital music, books, newspapers and documents on the Internet in 1998-1999, and were voted Best New Company at Internet World that year.

26.    Defendant Adobe provides software and services directed to secure distribution of digital content and digital rights management, including, without limitation, Adobe Content Server software and Adobe Digital Publishing Suite software.  Adobe Content Server software is a robust server solution that digitally protects PDF and eBooks for Adobe Digital Editions software.  Adobe Digital Publishing Suite software provides a solution for publishers to create digital content and deliver it across devices—including Apple iPad and Android tablets.

27.    Defendant Valve provides software and services directed to secure distribution of digital content and digital rights management, including, without limitation, through the Steam platform.  Steam is a game platform that distributes and manages over 1,500 games directly to a community of more than 30 million players around the world.

28.    Defendant EA provides software and services directed to secure distribution of digital content and digital rights management, including, without limitation, through the EA Store and the EA Download Manager.  The EA Download Manager is a secure tool that lets users download purchased PC games straight from the EA Store onto a computer.

29.    Defendant UbiSoft provides software and services directed to secure distribution of digital content and digital rights management, including, without limitation, through the UbiSoft Online Store, or UBIShop®, UbiSoft Online Services Platform and UbiSoft Game Launcher.  UbiSoft Online Store or UBIShop®, UbiSoft Online Services Platform and UbiSoft

Game Launcher provides a game platform that securely distributes and manages software to a community of users.

30.    Defendant Symantec provides software and services directed to secure distribution of digital content and digital rights management, including, without limitation, through the Symantec Licensing Portal.

31.    Defendant Intuit provides software and services directed to secure distribution of digital content and digital rights management, including, without limitation, in connection with its QuickBooks Payroll software.

32.    Defendant AVG provides software and services directed to the secure distribution of digital content and digital rights management, including, without limitation, in connection with the AVG family of software products.

33.    Defendant Zynga provides software and services directed to secure distribution of digital content and digital rights management, including, without limitation, in connection with its social gaming network.

## V.   COUNT ONE

### DIRECT AND INDIRECT INFRINGEMENT OF U.S. PATENT NO. 6,389,541

34.    Digital incorporates by reference its allegations in Paragraphs 1-33 as if fully restated in this paragraph.

35.    Digital is the assignee and owner of all right, title and interest to the '541 Patent. Digital has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

36.    The '541 Patent is valid and enforceable.

37.    On information and belief, Defendants Adobe, Valve, EA, UbiSoft, Symantec, Intuit and AVG, without permission of Digital, have been and are presently infringing the '541 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using, selling, offering for sale and importing methods and articles infringing one or more claims of the '541 Patent.  Defendants Adobe, Valve, EA, UbiSoft, Symantec, Intuit and AVG are thus liable for direct infringement of the '541 Patent pursuant to 35 U.S.C. § 271(a).

38.    On information and belief, at least since the filing of this Complaint, Defendants Adobe, Valve, EA, UbiSoft, Symantec, Intuit and AVG, without permission of Digital, have been and are presently indirectly infringing the '541 Patent, including actively inducing infringement of the '541 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '541 Patent under 35 U.S.C. § 271(c).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that these Defendants knew or should have known infringe one or more claims of the '541 Patent.

39.    On information and belief, Defendants, with knowledge of the '541 Patent, provide instructions to their customers to use the accused instrumentalities in an infringing manner, and their customers do so.

40.    As a result of Defendants' infringement of the '541 Patent, Digital has suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## VI.  COUNT TWO

### DIRECT AND INDIRECT INFRINGEMENT OF U.S. PATENT NO. 6,751,670

41.    Digital incorporates by reference its allegations in Paragraphs 1-33 as if fully restated in this paragraph.

42.    Digital is the assignee and owner of all right, title and interest to the '670 Patent. Digital has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

43.    The '670 Patent is valid and enforceable.

44.    On information and belief, Defendants Adobe, Valve, EA, UbiSoft, Symantec, Intuit, AVG and Zynga, without permission of Digital, have been and are presently infringing the '670 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using, selling, offering for sale and importing methods and articles infringing one or more claims of the '670 Patent.  Defendants Adobe, Valve, EA, UbiSoft, Symantec, Intuit, AVG and Zynga are thus liable for direct infringement of the '670 Patent pursuant to 35 U.S.C. § 271(a).

45.    On information and belief, at least since the filing of this Complaint, Defendants Adobe, Valve, EA, UbiSoft, Symantec, Intuit, AVG and Zynga, without permission of Digital, have been and are presently indirectly infringing the '670 Patent, including actively inducing infringement of the '670 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '670 Patent under 35 U.S.C. § 271(c).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that these Defendants knew or should have known infringe one or more claims of the '670 Patent.

11

46.    On information and belief, Defendants, with knowledge of the '670 Patent, provide instructions to their customers to use the accused instrumentalities in an infringing manner, and their customers do so.

47.    As a result of Defendants' infringement of the '670 Patent, Digital has suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## VII.   COUNT THREE

## DIRECT AND INDIRECT INFRINGEMENT OF U.S. PATENT NO. 7,127,515

48.    Digital incorporates by reference its allegations in Paragraphs 1-33 as if fully restated in this paragraph.

49.    Digital is the assignee and owner of all right, title and interest to the '515 Patent. Digital has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

50.    The '515 Patent is valid and enforceable.

51.    On information and belief, Defendants Valve and EA, without permission of Digital, have been and are presently infringing the '515 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using, selling, offering for sale and importing methods and articles infringing one or more claims of the '515 Patent.  Defendants Valve and EA are thus liable for direct infringement of the '515 Patent pursuant to 35 U.S.C. § 271(a).

52.    On information and belief, at least since the filing of this Complaint, Defendants Valve and EA, without permission of Digital, have been and are presently indirectly infringing

the '515 Patent, including actively inducing infringement of the '515 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '515 Patent under 35 U.S.C. § 271(c). Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that these Defendants knew or should have known infringe one or more claims of the '515 Patent.

53.    On information and belief, Defendants, with knowledge of the '515 Patent, provide instructions to its customers to use the accused instrumentalities in an infringing manner, and its customers do so.

54.    As a result of Defendants' infringement of the '515 Patent, Digital has suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## VIII.   COUNT FOUR

## DIRECT AND INDIRECT INFRINGEMENT OF U.S. PATENT NO. 7,272,655

55.    Digital incorporates by reference its allegations in Paragraphs 1-33 as if fully restated in this paragraph.

56.    Digital is the assignee and owner of all right, title and interest to the '655 Patent. Digital has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

57.    The '655 Patent is valid and enforceable.

58.    On information and belief, Defendants Valve and EA, without permission of Digital, have been and are presently infringing the '655 Patent, as infringement is defined by 35

U.S.C. § 271(a), including through making, using, selling, offering for sale and importing methods and articles infringing one or more claims of the '655 Patent.  Defendants Valve and EA are thus liable for direct infringement of the '655 Patent pursuant to 35 U.S.C. § 271(a).

59.    On information and belief, at least since the filing of this Complaint, Defendants Valve and EA, without permission of Digital, have been and are presently indirectly infringing the '655 Patent, including actively inducing infringement of the '655 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '655 Patent under 35 U.S.C. § 271(c).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that these Defendants knew or should have known infringe one or more claims of the '655 Patent.

60.    On information and belief, Defendants, with knowledge of the '655 Patent, provide instructions to their customers to use the accused instrumentalities in an infringing manner, and their customers do so.

61.    As a result of Defendants' infringement of the '655 Patent, Digital has suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## IX.   COUNT FIVE

## DIRECT AND INDIRECT INFRINGEMENT OF U.S. PATENT NO. 7,562,150

62.    Digital incorporates by reference its allegations in Paragraphs 1-33 as if fully restated in this paragraph.

63.    Digital is the assignee and owner of all right, title and interest to the '150 Patent. Digital has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

64.    The '150 Patent is valid and enforceable.

65.    On information and belief, Defendants Valve and EA, without permission of Digital, have been and are presently infringing the '150 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using, selling, offering for sale and importing methods and articles infringing one or more claims of the '150 Patent.  Defendants Valve and EA are thus liable for direct infringement of the '150 Patent pursuant to 35 U.S.C. § 271(a).

66.    On information and belief, at least since the filing of this Complaint, Defendants Valve and EA, without permission of Digital, have been and are presently indirectly infringing the '150 Patent, including actively inducing infringement of the '150 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '150 Patent under 35 U.S.C. § 271(c).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that these Defendants knew or should have known infringe one or more claims of the '150 Patent.

67.    On information and belief, Defendants, with knowledge of the '150 Patent, provide instructions to their customers to use the accused instrumentalities in an infringing manner, and their customers do so.

68.     As a result of Defendants' infringement of the '150 Patent, Digital has suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## X.   COUNT SIX

## DIRECT AND INDIRECT INFRINGEMENT OF U.S. PATENT NO. 7,673,059

69.     Digital incorporates by reference its allegations in Paragraphs 1-33 as if fully restated in this paragraph.

70.     Digital is the assignee and owner of all right, title and interest to the '059 Patent. Digital has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

71.     The '059 Patent is valid and enforceable.

72.     On information and belief, Defendants Adobe, Valve, EA, UbiSoft, Symantec, Intuit and AVG, without permission of Digital, have been and are presently infringing the '059 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using, selling, offering for sale and importing methods and articles infringing one or more claims of the '059 Patent.  Defendants Adobe, Valve, EA, UbiSoft, Symantec, Intuit and AVG are thus liable for direct infringement of the '059 Patent pursuant to 35 U.S.C. § 271(a).

73.     On information and belief, at least since the filing of this Complaint, Defendants Adobe, Valve, EA, UbiSoft, Symantec, Intuit, AVG and Zynga, without permission of Digital, have been and are presently indirectly infringing the '059 Patent, including actively inducing infringement of the '059 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the

'059 Patent under 35 U.S.C. § 271(c).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that these Defendants knew or should have known infringe one or more claims of the '059 Patent.

74.    On information and belief, Defendants, with knowledge of the '059 Patent, provide instructions to their customers to use the accused instrumentalities in an infringing manner, and their customers do so.

75.    As a result of Defendants' infringement of the '059 Patent, Digital has suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## XI.   COUNT SEVEN

## DIRECT AND INDIRECT INFRINGEMENT OF U.S. PATENT NO. 7,421,741

76.    Digital incorporates by reference its allegations in Paragraphs 1-33 as if fully restated in this paragraph.

77.    Digital is the assignee and owner of all right, title and interest to the '741 Patent. Digital has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

78.    The '741 Patent is valid and enforceable.

79.    On information and belief, Defendant Adobe, without permission of Digital, has been and is presently infringing the '741 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using, selling, offering for sale and importing methods and

articles infringing one or more claims of the '741 Patent.  Defendant Adobe is thus liable for direct infringement of the '741 Patent pursuant to 35 U.S.C. § 271(a).

80.    On information and belief, at least since the filing of this Complaint, Defendant Adobe, without permission of Digital, has been and is presently indirectly infringing the '741 Patent, including actively inducing infringement of the '741 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '741 Patent under 35 U.S.C. § 271(c).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that Defendant Adobe knew or should have known infringe one or more claims of the '741 Patent.

81.    On information and belief, Defendants, with knowledge of the '741 Patent, provide instructions to their customers to use the accused instrumentalities in an infringing manner, and their customers do so.

82.    As a result of Defendant Adobe's infringement of the '741 Patent, Digital has suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## XII.  WILLFUL INFRINGEMENT

83.    Digital alleges upon information and belief that, as of the date of the filing of this Complaint, Defendant Adobe has knowingly or with reckless disregard willfully infringed one or more of the Patents-in-Suit.  Upon information and belief, at least Defendant Adobe had actual notice of infringement of one or more of the Patents-in-Suit, and acted despite an objectively high likelihood that their actions constituted infringement of Digital's valid patent rights.

84.     This objectively-defined risk was either known or so obvious that it should have been known to Defendant Adobe.  Accordingly, Digital seeks enhanced damages pursuant to 35 U.S.C. § 284.

### XIII.   JURY DEMAND

85.     Plaintiff Digital demands a trial by jury of all matters to which it is entitled to trial by jury, pursuant to FED. R. CIV. P. 38.

### XIV.   PRAYER FOR RELIEF

WHEREFORE, Digital prays for judgment and seeks relief against Defendants as follows:

A.     That the Court determine that the '541 Patent is infringed by Defendants Adobe, Valve, EA, UbiSoft, Symantec, Intuit and AVG;

B.     That the Court determine that the '670 Patent is infringed by Defendants Adobe, Valve, EA, UbiSoft, Symantec, Intuit, AVG and Zynga;

C.     That the Court determine that the '515 Patent is infringed by Defendants Valve and EA;

D.     That the Court determine that the '655 Patent is infringed by Defendants Valve and EA;

E.     That the Court determine that the '150 Patent is infringed by Defendants Valve and EA;

F.     That the Court determine that the '059 Patent is infringed by Defendants Adobe, Valve, EA, UbiSoft, Symantec, Intuit, AVG and Zynga;

G.     That the Court determine that the '741 Patent is infringed by Defendant Adobe;

H.      That the Court award damages adequate to compensate Digital for the patent infringement that has occurred, together with prejudgment and post-judgment interest and costs, and an ongoing royalty for continued infringement;

I.      In the alternative, that the Court permanently enjoin Defendants pursuant to 35 U.S.C. §283;

J.      That the Court award Digital enhanced damages pursuant to 35 U.S.C. §284;

K.      That the Court declare this case exceptional pursuant to 35 U.S.C. §285;

L.      That the Court award Digital its reasonable attorneys fees in connection herewith; and

M.      That the Court award such other relief to Digital as the Court deems just and proper.

Respectfully submitted,

Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

T. John Ward, Jr.
Texas State Bar No. 00794818
jw@wsfirm.com
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

Andrew G. DiNovo
Texas State Bar No. 00790594
adinovo@dpelaw.com
Raymond W. Mort, III
Texas State Bar No. 00791308
rmort@dpelaw.com
Jay D. Ellwanger
Texas State Bar No. 24036522
**DiNovo Price Ellwanger& Hardy LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas  78731
Telephone:  (512) 539-2626
Telecopier:  (512) 539-2627

*Counsel for* ***Digital Reg of Texas, LLC***